stipulated for in the original contract, under which he is claiming, was thirty-three cents.   There is, moreover, nothing in the evidence which in any way tends to show that plaintiff in error, in making the payment, admitted or intended to admit that he was in any way indebted to defendant in error aside from the note. Consequently, the payment neither tolled the running of the statute of limitations nor revived any claim which it had barred.   The judgment must, therefore, be reversed, but as the evidence clearly discloses the amount justly due defendant in error, there is no reason why final judgment should not be entered here. The judgment is reversed and judgment will be entered here for $68.89 (the amount of principal and interest due on the note after deducting the $10 paid thereon, and interest from the date of that payment), together with the costs incurred by defendant in error in the proceeding before the justice of the peace and in the Circuit Court.

*Reversed and judgment here.*

---

**Nora Kennedy, Administratrix, Plaintiff in Error, v. City of Chicago et al., Defendants in Error.**

**Gen. No. 21,262.   (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1915.   Affirmed.   Opinion filed December 27, 1916.

### Statement of the Case.

Action by Nora Kennedy, administratrix of the estate of John Kennedy, deceased, plaintiff, against the City of Chicago, a municipal corporation, the Belt Railway Company of Chicago, a corporation, Chicago

& Western Indiana Railroad Company, a corporation, and Chicago, Rock Island & Pacific Railway Company, a corporation, defendants, to recover damages for the death of her intestate, alleged to have resulted from the negligence of defendants in leaving holes in a street where it was crossed by the tracks of the railroad company defendants.

WILLIAM GILLESPIE, for plaintiff in error.

SAMUEL A. ETTELSON and CHARLES R. FRANCIS, for defendant in error City of Chicago; HENRY T. CHACE, JR., of counsel.

C. G. AUSTIN, JR., BEVERLY W. HOWE, M. L. BELL and A. B. ENOCH, for other defendants in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. CONTINUANCE, § 31*—*when refusal of court to continue case is not an abuse of discretion.* Denial of a motion by plaintiff's counsel, in an action to recover damages for negligent death, for leave to withdraw a juror and continue the case, *held* not an abuse of the discretion of the trial court.

2. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 28*—*what constitutes an involuntary nonsuit.* Where evidence introduced by the plaintiff lacks all the essential elements necessary to prove his right to recover, the court may cause a nonsuit to be entered in the cause, and such a nonsuit so entered is involuntary.

3. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 28*—*when involuntary nonsuit in action for negligent death is authorized.* In an action by the administratrix of the estate of a deceased person to recover damages for the death of her intestate, alleged to have resulted from the negligence of defendants in leaving holes in a street where it was crossed by the tracks of the railroad company defendants, evidence *held* so insufficient to justify a verdict against any of the defendants as to authorize an involuntary nonsuit.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.